UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EDWARD PETERSON, | ) |
| Plaintiff, | ) |
| vs. | ) CV 03-B-0179-S |
| DONALD FOGERWOLD; J.B. HUNT TRANSPORT, INC., | ) |
| Defendants. | ) |

**ENTERED**
SEP 29 2003

## MEMORANDUM OPINION

This case is presently pending before the court on plaintiff's Motions to Remand. (Docs. 3, 13.)[1] Plaintiff Edward Peterson filed this case in the Circuit Court of Jefferson County, seeking damages for injuries caused by defendant Donald Fogerwold while acting as an agent or employee of defendant J.B. Hunt Transport. Thereafter, defendants removed the case to this court, and plaintiff moved to remand based on procedural defects in the removal.[2] Upon consideration of the record, the submission of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that plaintiff's Motions to Remand, (docs. 3, 13), are due to be granted.

---

[1]Reference to document number, ["Doc."], refers to the number assigned to each document filed in the court's record.

[2]Plaintiff filed a Motion to Remand, (doc. 3) on February 3, 2003, and a Supplemented Motion to Remand, (doc. 13), on May 20, 2003.

## I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

On or about October 17, 2000, plaintiff was injured in a vehicle accident involving a truck driven by Fogerwold while acting as the agent or employee of J.B. Hunt Transport. As a result of the accident, plaintiff injured his neck, back and shoulders, and suffered property damage to his vehicle. (Doc. 1, Ex. A, Complaint, ¶¶ 6-7.)

On July 25, 2002, prior to filing suit, plaintiff's attorney sent a letter to J.B. Hunt Transport stating that plaintiff's damages from the accident included $6,615.13 in medical expenses, $30,000-$50,000 in future medical expenses, $131,200 in lost wages, and $725.98 in property damage. (Doc. 3, Ex. A.) J.B. Hunt Transport admits that it received the letter setting forth plaintiff's claims for damages. (Doc. 13, Ex. A.)

On September 27, 2002, plaintiff filed suit in the Circuit Court of Jefferson County, Alabama, against Fogerwold, J.B. Hunt Transport, and 26 fictitious defendants. (Doc. 1, Ex. A, Complaint.) At the time plaintiff filed suit, he was a citizen of Louisiana, Fogerwold was a citizen of California, and J.B. Hunt Transport was a Georgia corporation with its principal place of business in Arkansas. (Doc. 1 ¶¶ 2-4.) Plaintiff's Complaint did not request a specific amount of damages. (Doc. 1, Ex. A, Complaint.)

On October 30, 2002, J.B. Hunt Transport sent plaintiff a Request for Admission, asking plaintiff to admit that he was seeking damages in excess of $75,000. (Doc. 1, Ex. A, Mot. to Compel, ex. A.) Plaintiff responded, "Plaintiff has already stated the amount of damages sought in the Complaint." (*Id.*, ex. B.) J.B. Hunt Transport filed a Motion to Compel, asking the state court to compel plaintiff to "fully answer" the Request for

2

Admission,[3] which was granted. (*Id.* ¶ 5.) On January 23, 2003, plaintiff responded to J.B. Hunt Transport's Request for Admission, and stated, "Attached hereto as 'Exhibit A' is a letter dated July 25, 2002 which indicates that the amount in controversy in this case exceeds $75,000.00. Said letter was sent to Defendant J.B. Hunt Transport on or about July 25, 2002." (Doc. 1, Ex. A, Supp. Resp. to Request for Admission and Interrogatory.)

On January 24, 2003, defendants filed a Notice of Removal in this court. (Doc. 1) The Notice contends that the initial pleading was not removable because it did not specify an amount of damages. (*Id.* ¶ 6.) Defendants contend that they first ascertained the case was removable when plaintiff supplemented his response to defendants' Request for Admission and admitted that he was seeking damages in excess of $75,000. (Doc. 1 ¶ 7.)

Plaintiff filed a Motion to Remand, asking the court to remand the case based on a procedural defect. (Doc. 3.) Plaintiff contends that the J.B. Hunt Transport knew the case was removable at the time it received his Complaint on or about October 2, 2002. (*Id.* ¶ 2.) Therefore, plaintiff contends that defendant's Notice of Removal in January 2003 was untimely. (*Id.* ¶ 12.) Plaintiff also moved the court for leave to conduct discovery limited

---

[3]In plaintiff's opposition to J.B. Hunt Transport's Motion to Compel, plaintiff stated:

> 5.  . . . [A]fter missing the date to remove, Defendants served requests for admission and an interrogatory on Plaintiff only regarding the "amount in controversy". [Note]
>
> [Note] Plaintiff can only speculate that Defendant JB Hunt was aware that it missed the time to remove the present case; and therefore, [it] needed Plaintiff to "plead" something different from the original Complaint in order to make the case again "removable."

(Doc. 1, Ex. A, Resp. to Mot. to Compel, ¶ 5 and n.2.)

3

to the issues set forth in its Motion to Remand. (Doc. 2.) The Motion to Conduct Limited Remand Related Discovery was granted, and the parties were allowed 45 days to conduct discovery.

During discovery, plaintiff sent Requests for Admissions to J.B. Hunt. Plaintiff asked J.B. Hunt Transport to admit that it was provided a letter that set forth the amount of wages plaintiff lost as a result of the accident. (Doc. 13, Ex. A.) J.B. Hunt Transport admitted that it received the letter claiming $131,200 in lost wages. (*Id.*) It also stated, "The Defendant denies that the correspondence provided evidence concerning the amount in controversy in the litigation made the basis of this suit, but merely made an inflated, and unsubstantiated claim for lost wages." (*Id.*)

On May 20, 2003, plaintiff filed a Supplemented Motion to Remand. (Doc. 13.) Plaintiff moved to remand this case on the ground that defendants knew as of July 25, 2002, the date of the letter to J.B. Hunt Transport, that the amount in controversy exceeded $75,000.

## II. DISCUSSION

Federal courts are courts of limited jurisdiction. Therefore, this court may hear only cases that the Constitution or Congress has authorized. A federal court has jurisdiction over cases involving parties from different states when the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). The defendants, in such a case,

may remove an action from state court to federal court if the case originally could have been brought in federal court. 28 U.S.C. § 1441(a).

Defendants filed their Notice of Removal after receiving plaintiff's Supplemental Responses to Defendants' Request for Admission and Interrogatory, pursuant to 28 U.S.C. § 1446(b), which states:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> ***If the case stated by the initial pleading is not removable***, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b)(emphasis added). "This time limitation is not jurisdictional and may be waived by the plaintiff." *Newman v. Spectrum Stores, Inc.*, 109 F. Supp. 2d 1342, 1345 (M.D. Ala. 2000)(citing *Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of North Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988)). "Nevertheless, the time limitation is mandatory and 'must be strictly construed.'" *Id.* (citing *Webster v. Dow*, 925 F. Supp. 727, 729 (M.D. Ala. 1996); *Production Stamping Corp. v. Maryland Cas. Co.*, 829 F. Supp. 1074, 1076 (E.D. Wis. 1993)).

The court agrees with a decision from the Middle District of Alabama, which held that "the plain purpose of the language of 1446(b) is to permit the removal period to begin only after the defendant is able to ascertain intelligently that the requisite of removability are present." *Clingan v. Celtic Life Insurance Co.*, 244 F. Supp. 2d 1298, 1302 (M.D. Ala. 2003)(internal quotations and citations omitted). Therefore, the issue is at what time were defendants "able to ascertain intelligently" that plaintiff's claims satisfied the jurisdictional amount. If defendants were "able to ascertain intelligently" that the Complaint was removable when filed, they cannot rely upon a latter-filed or received paper. If, on the other hand, the Complaint "discloses that the case [was] not removable," defendants may rely upon the latter-filed or received paper. *See Knudsen v. Samuels*, 715 F. Supp. 1505, 1507 (D. Kan. 1989)("[U]nder 28 U.S.C. § 1446(b), the question is not whether the initial pleading discloses the ***potential for removal*** but whether it discloses that the case is ***not removable***.")(emphasis added). *But see Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir.1992)("the thirty day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court"), *cert. denied*, 507 U.S. 967 (1993).

Defendants contend that this "action was initially not removable" because the Complaint sought "damages from all counts, both compensatory and punitive, in an unspecified amount, exclusive of interest and costs." (Doc. 1 ¶ 6.) Defendants argue:

>Under the law in this jurisdiction, when a Plaintiff's complaint specifically requests an amount in damages that is less than the diversity jurisdictional prerequisite, the removing party bears the burden to prove to a legal certainty that the plaintiff's claims must exceed $75,000. *Lindsay v. American General Life & Accident Ins. Co..*, 133 F. Supp. 2d 1271, 1273 (N.D. Ala. 2001); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). In order to satisfy this test, the removing defendant is required to show that, "if plaintiff prevails on liability, an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [$75,000]." *Lindsay*, 133 F. Supp. 2d at 1274; *quoting Burns*, 31 F.3d at 1096.

(Defs. Mem. in Opp. to Mot. to Remand, at 4 (footnote omitted).)

Defendants' Memorandum correctly states the law regarding the determination of the amount-in-controversy for the purpose of establishing diversity jurisdiction when plaintiff's Complaint states a "specific amount"[4] of damages. However, plaintiff's Complaint in this

---

[4]The Eleventh Circuit has set forth the distinction between establishing an "amount in controversy" for purposes of establishing subject-matter jurisdiction when plaintiff claims a specific amount of damages and when he does not specify an amount of damages:

>"Federal courts are courts of limited jurisdiction." *Burns v. Windsor Ins., Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). In order to invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. .... A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).
>
>Generally, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Red Cab Co.*, 303 U.S. at 289. However, where jurisdiction is based on a claim for ***indeterminate*** damages, the *Red Cab Co.* "legal certainty" test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072-77 (11th Cir. 2000). [Note 1]
>
>[Note 1]. We note that *Tapscott* arose in the removal context, while this case involves a declaratory judgment. However, we find these two contexts analogous in this setting. *Accord St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)("Although most of our caselaw regarding § 1332's amount in controversy requirement

7

case does not state a specific amount of damages. The Complaint states that plaintiff "was injured physically and caused to suffer medical expenses and will be caused to expend moneys in the future for medical services" for injuries to his neck, back, and shoulders after the vehicle he was in was struck by a truck driven by Fogerwold, acting as the agent or employee of J.B. Hunt Transport. (Doc. 1, Ex. A, Complaint, ¶¶ 6(a), 20-21.) Plaintiff also alleges that he suffered property damage to his vehicle. (*Id.* ¶ 7.) He does not claim a specific amount of damages in his Complaint; however, this failure to claim a specific amount of damages in the Complaint does not mean necessarily that the case was "not removable" at the time defendants received the Complaint.

Typically, the "amount in controversy" is "determined by the amount claimed by the plaintiff in good faith." *Mas v. Perry*, 489 F.2d 1396, 1400 (5th Cir.)(citations omitted), *cert. denied* 419 U.S. 842 (1974);[5] *see also Federated Mut. Ins. Co. v. McKinnon Motors, L.L.C.*, 329 F.3d 805, 807 (2003)("A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith." (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938))). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the

---

has arisen in the context of removal from state to federal court, we find the procedures developed in those cases to be instructive in the converse context of declaratory judgment actions . . . .").

*Federated Mut. Ins. Co. v. McKinnon Motors, L.L.C.*, 329 F.3d 805, 807 (11th Cir. 2003)(emphasis added).

[5]Decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

amount in controversy exceeds the jurisdictional amount." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)(citing *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1280 (11th Cir. 2001); *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000)).

The Eleventh Circuit has held that removal based on diversity jurisdiction is proper, even if the complaint does not state a specific amount of damages "if it is facially apparent from the complaint the amount in controversy exceeds the jurisdictional requirement." *Best Buy Co.*, 269 F.3d at 1319; *see also Turner v. Wilson Foods Corp.*, 711 F. Supp. 624, 626 (N.D. Ga. 1989)("The complaint alleged severe burns, permanent scarring, pain and suffering, lifelong medical expenses including expenses for physicians, hospitals and related expenses. . . . [T]he court holds these allegations provided defendant with the necessary information to intelligently ascertain that it had grounds for removal to federal court." (citing *Gonzales v. Kraft, Inc.*, 606 F. Supp. 127 (S.D. Fla. 1985); *Lee v. Altamil Corp.*, 457 F. Supp. 979 (M.D. Fla. 1978))). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Best Buy Co.*, 269 F.3d at 1319 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

In determining whether this action was "not removable" at the time the initial pleading was filed, *see* 28 U.S.C. § 1446(b), the court considers "any information [defendants] may be charged with under the law." *Clingan*, 244 F. Supp. 2d at 1303. Therefore, defendants "cannot base the timing of [their] notice of removal on information allegedly obtained for the

9

first time in [some other paper] when it legally possessed that information at an earlier date." *Id.*; *see Williams v. Safeco Insurance Co.*, 74 F. Supp. 2d 925, 929 (W.D. Mo. 1999)("[D]efendant had actual knowledge that the amount in controversy exceeded $75,000 when the demand letters were made, which was before the filing of the [complaint] . . . [Therefore,] the thirty-day time limit for filing a notice of removal commenced on [the date the complaint was filed], since defendant had actual notice at that time that the amount in controversy exceeded $75,000," not when defendant received plaintiff's answers to interrogatories some months later.). *But see Jade East Towers Developers v. Nationwide Mutual Insurance Co.*, 936 F. Supp. 890, 892 (N.D. Fla. 1996)(A demand letter received prior to the filing of the initial pleading did not "trigger the running of the thirty-day period under Section 1446(b)", "[a]lthough the defendant *may* utilize information from such demand letter to support removal." (emphasis in original)).

Defendants admit that J.B. Hunt Transport had received plaintiff's claim for over $168,000 in damages before the Complaint was filed. (Defs. Mem. in Opp. to Mot. to Remand, at 8.) However, they contend that this was an "unsubstantiated claim" and that, as the removing parties, they had to prove "to a legal certainty that Plaintiff's claims exceeded $75,000." (*Id.*) As set forth above, defendants have misstated their burden of proof when the Complaint, as in this case, does not state a specific amount of damages. In order to remove, defendants only had to show by a preponderance of the evidence, not to a

legal certainty, that the amount in controversy, the amount plaintiff claimed as damages,[6] was in excess of $75,000.

Based on the actual knowledge of J.B. Hunt Transport, defendants could have proved, by a preponderance of the evidence, that plaintiff claimed more than $75,000 in damages at the time he filed his Complaint. At the time the Complaint was filed J.B. Hunt Transport was aware that the parties were diverse and that the amount in controversy was in excess of $75,000. They rely on this same claim for damages in their Notice of Removal. (*See* doc. 1 ¶ 7.) Therefore, the court finds that this case was removable at the time defendants received the initial pleading. *Clingan*, 244 F. Supp. 2d 1298, 1303 (M.D. Ala. 2003). Pursuant to 28 U.S.C. § 1446(b), defendants were required to file their Notice of Removal within 30 days of their receipt of the initial pleading. Because defendants filed their Notice for Removal more than 30 days after they received the Complaint from which they could ascertain intelligently that the case was removable, their Notice of Removal was untimely and plaintiff's Motions for Remand are due to be granted.

### III. CONCLUSION

For the foregoing reasons, the court is of the opinion that the matter was improvidently removed and due to be remanded to the Circuit Court of Jefferson County.

---

[6]As set forth above, the "amount in controversy" is the amount claimed by plaintiff in good faith. *Red Cab Co.*, 303 U.S. at 288 ("The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.")(footnote omitted).

An order granting plaintiffs' Motions to Remand, (docs. 3, 13), will be entered contemporaneously with this Memorandum Opinion.

**DONE** this ___26th___ day of September, 2003.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge